IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELES RAMIREZ, # 58490-379 | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2315-K |
| | § | (CRIMINAL NO. 3:13-CR-255-K-9) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the relevant pleadings and law, and for the reasons that follow, the section 2255 motion is summarily dismissed. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

### I. BACKGROUND

On January 27, 2015, Petitioner pled guilty to conspiracy to possess a controlled substance with intent to distribute and, on May 21, 2015, judgment was entered sentencing her to 78 months' imprisonment and a four-year term of supervised release. Crim. Doc. 488; Crim. Doc. 519. She did not file a direct appeal. In the sole ground alleged in this section 2255 motion, Petitioner claims she should

receive a mitigating role adjustment under United States Sentencing Guideline ("U.S.S.G.") § 3B1.2 as clarified by U.S.S.G. Amendment 794. *See* Doc. 4 at 7; Doc. 2 at 5-6. Specifically, Petitioner asks the Court to reduce her sentence because "she was less culpable than other participants in the criminal activity." Doc. 4 at 7.

Amendment 794, which became effective on November 1, 2015, did not alter the language of U.S.S.G. § 3B1.2, but merely clarified that, when determining a defendant's role in criminal activity for purposes of § 3B1.2, the court should compare the defendant's role to other participants in the criminal activity at issue, not to persons participating in other similar crimes. U.S.S.G. § 3B1.2 cmt. n. 3(A).

In support of her motion, Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 was a "clarifying amendment" and therefore applied retroactively on direct appeal. *Quintero-Leyva*, 823 F.3d at 522-23. That holding is inapposite here, however, since Petitioner seeks collateral, rather than direct review. In any event, Petitioner's objection to the calculation of the sentencing guidelines is not cognizable in a section 2255 action.

## II. ANALYSIS

### A. Limitations

At the outset, the Court notes that Petitioner's section 2255 is time barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f);

*Kiser v. Johnson,* 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254). The Court granted Petitioner an opportunity to respond regarding the limitations period, but she declined to do so.

The one-year period begins to run, in most cases, when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States,* 537 U.S. 522, 525 (2003).

Here, Petitioner's conviction became final on June 4, 2015, the last day on which she could have filed a direct appeal from the May 21, 2015 judgment. Fed. R. App. P. 4(b)(1)(A); *Clay,* 537 U.S. at 525. Thus, the deadline to file a section 2255 motion expired one year later on June 4, 2016 (extended to Monday June 6, 2016). *See* Fed. R. Civ. P. 6(a). Because the federal petition is deemed filed on August 1, 2016, the date on which Petitioner certified signing and placing it in the prison mail system, her section 2255 motion is clearly untimely under section 2255(f)(1).

**B. Meritless**

Even if timely, the section 2255 motion has no merit. After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). "Section 2255 motions may raise only constitutional errors and

3

other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citation omitted); (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994). Because Petitioner's challenge to the application of the Sentencing Guidelines is not cognizable in a section 2255 motion, her motion fails on the merits.

### III. CONCLUSION

Accordingly, the motion to vacate sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations and meritless. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SO ORDERED.**

**Signed** October 21, 2016.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE